IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


STATE V. WILSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

KEVIN M. WILSON, APPELLANT.


Filed February 26, 2019.    Nos. A-18-768 through A-18-772.


Appeals from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed in part, and in part remanded for resentencing.

Thomas C. Riley, Douglas County Public Defender, and L. Robert Marcuzzo for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.


MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

### INTRODUCTION

In these consolidated appeals, Kevin M. Wilson appeals from his plea-based convictions and sentences for two counts of second-offense operating a motor vehicle during revocation, one count of possession of methamphetamine with intent to distribute, one count of possession of methamphetamine with intent to distribute while in possession of a firearm, and two counts of child abuse. Wilson assigns as error that the district court abused its discretion in imposing sentence. We affirm all of the sentences with the exception of the sentences on the child abuse counts, which we remand to the district court for resentencing.

### BACKGROUND

Pursuant to a plea agreement, Wilson pled no contest in five separate cases in the district court for Douglas County to two counts of second-offense operating a motor vehicle during

- 1 -

revocation, Class IIA felonies; one count of possession of methamphetamine with intent to distribute, a Class II felony; one count of possession of methamphetamine with intent to distribute while in possession of a firearm, a Class ID felony, and two counts of child abuse, Class IIIA felonies. As part of the plea agreement, the child abuse charges were amended from the original charges of first degree sexual assault on a child, a Class IB felony, and human trafficking of a minor, a Class II felony. Additional charges of failure to affix tax stamp and theft by receiving $5,000 or more were also dismissed.

The factual bases for the operating a motor vehicle during revocation charges show that on two occasions in December 2016, Wilson was stopped while driving, during which time his license was revoked, and that he had a previous conviction for driving under revocation. The factual basis for the possession of methamphetamine with intent to distribute charge shows that on December 20, 2017, law enforcement officers conducted a controlled-buy operation where they purchased 7.8 grams of methamphetamine from Wilson. For the possession of methamphetamine with intent to distribute while in possession of a firearm charge, the factual basis shows that upon executing a search warrant on a hotel room occupied by Wilson, law enforcement officers discovered a handgun, 30 grams of methamphetamine, and other evidence of methamphetamine distribution. For the child abuse charges, the factual basis shows that between January 1, 2016, and June 2, 2017, Wilson brokered drug deals whereby a minor girl was given methamphetamine in exchange for a "living environment."

The district court sentenced Wilson to concurrent terms of 4 to 6 years' imprisonment for operating a motor vehicle during revocation, along with a 15-year license revocation. The court sentenced Wilson 3 to 9 years' imprisonment for possession with intent to deliver, to be served consecutively to the operating a motor vehicle convictions. It sentenced him to 7 to 12 years' imprisonment for possession with intent to deliver while in possession of a firearm, to be served consecutively to the motor vehicle convictions and the other possession conviction, and it gave him credit on this sentence for 537 days served. Finally, the court sentenced Wilson to concurrent terms of 3 years' imprisonment for the child abuse convictions, to be served consecutively to all the other convictions. The sentences totaled 17 to 30 years' imprisonment.

Wilson appeals.

## ASSIGNMENTS OF ERROR

Wilson assigned that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

## ANALYSIS

We first address the State's suggestion that plain error exists with respect to the sentences imposed on the child abuse convictions. We agree. The child abuse charges are Class IIIA felonies, which are punishable by up to 3 years in prison. Neb. Rev. Stat. § 28-707(4) (Reissue 2016); Neb.

Rev. Stat. § 28-105 (Reissue 2016). The district court imposed concurrent, determinate sentences of 3 years for the convictions, to be served consecutively to all other sentences. However, Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) provides that for "any sentence of imprisonment for a Class III, IIIA, or IV felony . . . imposed consecutively or concurrently with . . . a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range." Here, the Class IIIA felonies were imposed consecutively to all of the other sentences, which included Class ID, Class II, and Class IIA felonies. Thus, the sentences for the child abuse convictions were required to be indeterminate under § 29-2204.02. See, also, *State v. Thompson*, 301 Neb. 472, 919 N.W.2d 122 (2018). Accordingly, we vacate Wilson's sentences for the child abuse convictions and remand those two counts for resentencing. We next address the remaining sentences.

Second offense operating a motor vehicle during revocation, is a Class IIA felony, punishable by up to 20 years in prison. Neb. Rev. Stat. § 60-6,197.06(2) (Cum. Supp. 2016); § 28-105. Possession of methamphetamine with intent to deliver is a Class II felony, punishable by 1 to 50 years in prison. Neb. Rev. Stat. § 28-416(2)(a) (Supp. 2017); § 28-105. Possession of methamphetamine with intent to deliver while in possession of a firearm is a Class ID felony, punishable by a mandatory minimum of 3 years and a maximum of 50 years in prison. § 28-416(2)(a); § 28-105. The sentences imposed by the district court for the above convictions were within the statutory limits. Nevertheless, Wilson asserts that the sentences were excessive, arguing that there was no violence involved in the crimes, he has a solid background, his criminal history is mostly for alcohol and lesser drug-related offenses, he has maintained a productive life, he has accepted responsibility for his wrongdoing, and he desires to get treatment for his drug dependency problem.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*.

According to the presentence investigation (PSI), Wilson was 30 years old at the time of sentencing. He completed the 11th grade at an alternative school in Omaha. He has worked in the past for a family business in Iowa. His criminal history began as a juvenile with adjudications for criminal mischief and third degree assault. In criminal court, he has been convicted of possession or sale of illegal firearms, possession of drug paraphernalia, driving under the influence (three times), possession of marijuana--less than an ounce (twice), public consumption/intoxication, disorderly conduct, operating during suspension (twice), possession of a controlled substance--marijuana, carrying weapons, felony possession with intent to deliver a controlled substance, attempted criminal possession of marijuana--more than 1 pound, and operating during revocation (twice). On the Level of Service/Case Management Inventory (LS/CMI), Wilson scored

overall on the high level of risk to reoffend. Because of the Class ID felony conviction, he is not eligible for probation on that conviction.

At the sentencing hearing, the district court began by noting the difficulty it had with determining the appropriate sentences, acknowledging that Wilson comes from a good family who wrote letters of support. However, the court discussed the significant level of criminal conduct Wilson has engaged in, the multiple opportunities he had through probation, and the dangerous circumstances surrounding these convictions in dealing methamphetamine, possessing weapons, and victimizing minors. The court indicated that it had considered Wilson's age, education, background, significant past criminal record, and the type of offenses, concluding that it had no choice but to impose incarceration.

Our review of the record leads us to conclude that the district court did not abuse its discretion in imposing sentence for the convictions other than the child abuse convictions. Accordingly, those sentences are affirmed.

## CONCLUSION

We find no abuse of discretion in the sentences imposed for the operating during revocation, possession with intent to distribute, and possession with intent to distribute while in possession of a firearm convictions. Finding plain error in the determinate sentences imposed for the child abuse convictions, we remand the cause for resentencing on those convictions.

AFFIRMED IN PART, AND IN PART
REMANDED FOR RESENTENCING.